## Case No. 11,619a.

### The REBECCA v. The AMERICA.

[8 Wkly. Notes Cas. 328.]

District Court, E. D. Pennsylvania. Feb. 13, 1880.[1]

MEASURE OF DAMAGES FOR DETENTION AND REPAIR OF VESSEL—EVIDENCE, PRIMA FACIE—WHEN SUFFICIENT.

1. Upon a reference to a commissioner to ascertain the amount of damages suffered, where

---

[1] [Affirmed in 4 Fed. 337.]

the respondent declines to produce any evidence. it is only incumbent upon the libellant to establish a fair prima facie case.

2. The demurrage clause in a charter party is a sufficient test of the measure of damages for detention while the injured vessel is undergoing repairs.

Libel, for collision, filed by the master of the barque Rebecca against the steam tug America. A decree having been made against the steam tug, the cause was referred to a commissioner to ascertain and report the amount of damage.

The evidence in support of the claim consisted of the master's testimony that the repairs were rendered necessary by reason of the collision, that they were made, and at the lowest price; and the testimony of the ship's agents that they had paid the bills.

The only evidence of the damage by detention was the demurrage clause in the charter party, the demurrage being £15 a day, and this was the same as, or less than, the amount usually agreed upon in respect to vessels of the same class by the maritime exchange of this port. The respondent declined to produce any evidence. The commissioner reported in favor of the libellant, on the ground that he had made out a fair· prima facie case, referring to Coote, Adm. pp. 87, 96. Decree reported in the sum of $2,190.07. Exceptions were filed, and, the report being referred back, the commissioner overruled the exceptions, saying: "It seems to the commissioner, therefore, that he is justified in assuming that the sum fixed in the charter party is not more than a fair compensation for the detention of the vessel. It is the sum fixed by the charterers and owners, dealing at arm's length and with reference to market rates, when neither would probably be willing to pay more or receive less than fair compensation; and the acceptance of it as prima facie evidence of the amount of demurrage cannot be any serious injury to the respondent, for it leaves it entirely in his power to prove that it is unreasonable or excessive, if he is able to do so."

J. W. Coulston, for exceptions.

H. G. Ward and Mr. Flanders, contra.

BUTLER, District Judge. It must not be overlooked that the only question raised by the exception is whether the libellant has presented a prima facie case. As respects the repairs, I can see no room to doubt that he has. The testimony is direct, positive, and sufficiently certain; and, while more might have been produced, it was quite sufficient until answered. As respects the loss from detention, I also agree with the commissioner. Of course the respondent is only liable for such loss on this account as was actually sustained. To show its extent with certainty is impossible. Every available method of ascertainment is open to the objection that to some extent it is speculative. No more can be accomplished by the best than an ap-

proximation. Justice, nevertheless, requires that the injury shall be redressed, and the objection to uncertainty comes with bad grace from one whose wrongful act has rendered an ascertainment of the loss necessary. Had the libellant here entered upon a minute inquiry into all the circumstances, and based a calculation upon the supposed extent of the vessel's net earnings, it is not probable that a safer result could have been reached. The rule adopted by the commissioner has been pronounced by those having the largest experience and the highest intelligence on the subject the safest, under general circumstances, that can be pursued. Why, therefore, should it not be treated as sufficient in the first instance, leaving to the respondent the fullest opportunity of showing all special circumstances tending to prove that the rate thus indicated is too high in his case? The Hermann [Case No. 6,408] is not in point, though the language of the judge, as reported, is not without interest. Still, I do not find any thing in the case to shake the conclusion stated.

The exceptions must be dismissed, and the report confirmed. Decree accordingly.

[On appeal to the circuit court, the decree of the district court was affirmed. 4 Fed. 337.]